# KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

ATTORNEYS AT LAW

551 FIFTH AVENUE

NEW YORK, NEW YORK 10176

(212) 986-6000

FACSIMILE: (212) 986-8866

www.kkwc.com

FREDRIC A. KLEINBERG
MYRON KAPLAN
NORRIS D. WOLFF
JAMES R. COHEN
STEPHEN M. SCHULTZ
DAVID PARKER
JEFFREY S. BORTNICK
MARTIN D. SKLAR
JAMES R. LEDLEY△
PHILIP S. GROSS+
CHRISTOPHER P. DAVIS
LAWRENCE D. HUI
ANDREW M. CHONOLES
ERIC S. WAGNER
ROSS L. YUSTEIN+
SHARON M. TOMAO
ROBERT S. SCHNEIDER

MAURICE S. SPANBOCK
BRUCE D. STEINER+◊
ROBERT L. BERMAN△
MATTHEW J. GOLD
JERRY SIEGELMAN
JODI F. KRIEGER+
OF COUNSEL

JAMES I. RAPP
MARC R. ROSEN+△
MAX KARPEL
JASON P. GRUNFELD
JAMIE L. NASH
IVANA VUJIC
MELISSA S. DANSON◊
KELLY E. ZELEZEN
DAVID Y. PARK
ALEX SHULTS

+ALSO ADMITTED IN NJ
◊ALSO ADMITTED IN FL
△ALSO ADMITTED IN DC

WRITER'S E-MAIL ADDRESS:
DParker@KKWC.com

August 1, 2007

**VIA HAND DELIVERY**

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 660
New York, New York 10007

      re:    <u>Micalden Investments S.A. v. Olga Rostropovich, et al.</u>
            <u>Case No. 07 CV 2395 (VM)</u>

Dear Judge Marrero:

      This firm represents defendants Cooley Godward Kronish LLP and Renee Schwartz (the "CGK Defendants") in this action. We respectfully write in opposition to the request by plaintiff Micalden Investments S.A. ("Micalden") for a third extension of time to oppose the motion to dismiss filed by the CGK Defendants.[1]

      The CGK Defendants served and filed their motion to dismiss Micalden's complaint on May 31, 2007. The principal basis for the CGK Defendants' motion is that Micalden failed to allege the existence of a written security agreement concerning certain purported collateral, and that without this allegation Micalden cannot sustain any causes of action in its complaint.

---

[1] Defendants Atoosa P. Mamdani and Mahmoud A. Mamdani have adopted the CGK Defendants' motion.

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

Hon. Victor Marrero
August 1, 2007
Page 2

      Micalden has had two full months, including two extensions, in which to locate any such security agreement. Surely, two months would be sufficient time to do so if the security agreement existed.

      Ordinarily, this firm does not hesitate to provide courtesies (even a third courtesy) to opposing counsel. However, counsel has not even represented to us (or the Court) that a security agreement exists, much less produced a copy of it.

      We appreciate that Micalden's principal has been addressing other matters of personal importance. In this day and age of instant communication, however, we are confident that her staff could have located and produced any extant security agreement.

      The fact that there was no security agreement alleged in the complaint – and that none has appeared in the two months since Micalden made its motion – leads us to conclude that none exists at this time, and the complaint should accordingly be dismissed.

      Yours respectfully,

      David Parker

cc:    Edward Rubin (via hand delivery)
       Michael Schneider (via hand delivery)
       Arthur Jakoby (via hand delivery)
       George F. Aney (via overnight delivery)

DPARKE\121748.2 - 7/31/07