UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICALDEN INVESTMENTS S.A.

                  07 Civ. 2395 (VM)

        Plaintiff

    v.

OLGA ROSTROPOVICH, COOLEY GODWARD
KRONISH LLP, RENEE SCHWARTZ, ATOOSA
P. MAMDANI and MAHMOUD A. MAMDANI

        Defendants

-----------------------------------------------------------------x


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Micalden Investments S.A. ("Micalden"), the plaintiff herein, submits this memorandum of law in opposition to the motion of defendants Cooley Godward Kronish LLP ("CGK") and Renee Schwartz ("Schwartz"), joined in by the remaining defendants, to dismiss Micalden's complaint, and in support of Micalden's cross-motion to amend its complaint.

        Defendants have moved to dismiss plaintiff's complaint on the sole basis of their allegation that no security agreement exists granting Micalden a security interest in the shares of the cooperative apartment at the Hotel des Aristes, 1 West 67th Street, New York, New York (the "Shares"), which is the subject of this action. Significantly, Defendants' allegation as to the supposed lack of a security interest is not based on personal knowledge. Rather, they have merely surmised the absence of a security agreement because they have never seen one[1].

---

[1] It appears that defendants' conjecture may have improperly relied on the Record On Appeal in the prior state court litigation, Micalden Investment S.A. v. Olaf Guerrand-Hermes and Olga

However, contrary to Defendants' allegation a security agreement does exist. A copy of the Security Agreement signed by Olaf Guerrand-Hermes ("Olaf") pursuant to which he granted Micalden a security agreement in the Shares is attached as Exhibit B to Olaf's affidavit, which in turn is attached as Exhibit A to the accompanying affidavit of Edward Rubin, plaintiff's attorney. Olaf's affidavit attests to his execution of this Security Agreement and the indebtedness which it secures, as set forth in a revolving promissory note. A copy of this promissory note is also attached as Exhibit A to Olaf's affidavit.

Inasmuch as Defendants' motion to dismiss is predicated in its entirety upon the supposed lack of a security agreement, this motion must be denied.

Additionally, Micalden is entitled as of right to amend its complaint, and it has done so simultaneously with its opposition to defendants' motion. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is filed.. The Court of Appeals for the Second Circuit has held that the filing of a motion to dismiss does not preclude the filing of an amended complaint as of right under Rule 15(a). See Barbara v. New York Stock Exchange, Inc., 99 F.3rd 49, 56 (2d Cir. 1996); LeGrand v. Evan, 702 F.2d 415, 417 (2d Cir. 1983); Barmore v. County Fair, Inc., 2005 WL 976420 (W.D.N.Y.). Accordingly, it is unnecessary for Micalden to seek leave to amend has complaint at this juncture. See Krasner v. Episcopal Diocese of Long Island, 328 F.Supp. 2d 367, 371 (E.D.N.Y. 2005)("A motion to dismiss is not a responsive pleading under Rule 15(a). As such, given that no responsive pleading has been served in this

---

Rostropovich, Index No. 118422/03, wherein the existence of a security agreement was not relevant to the issue of whether the confession of judgment granted by Olaf to Micalden constituted a fraudulent conveyance.

case, the plaintiff's cross-motion for permission to amend the complaint is unnecessary.")[2].

## Conclusion

For the reasons set forth above, Micalden respectfully requests that Defendants motion to dismiss be denied in its entirety.

Dated: New York, New York
      September 7, 2007

 

EDWARD RUBIN
477 Madison Avenue
New York, New York 10022
(212) 888-7300

Attorney for Plaintiff
Micalden Investments, S.A.

---

[2] It should also be noted that the standard for granting relief to amend a complaint under Rule 15(a) is a liberal one. Rule 15(a) provides that "leave shall be freely granted when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962).

3