```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MICALDEN INVESTMENTS S.A.,        :
                                  :
              Plaintiff,          :    07 Civ. 2395
                                  :
         - against -              :    **DECISION AND ORDER**
                                  :
OLGA ROSTROPOVICH, COOLEY         :
GODWARD KRONISH LLP, RENEE        :
SCHWARTZ, ATOOSA P. MAMDANI,      :
and MAHMOUD A. MAMDANI,           :
                                  :
              Defendants.         :
------------------------------X

**VICTOR MARRERO**, United States District Judge.

Plaintiff Micalden Investments S.A. ("Micalden") brought this action against defendants Olga Rostropovich ("Rostropovich"), Atoosa P. Mamdani and Mahmoud A. Mamdani (collectively, the "Mamdanis"), Cooley Godward Kronish L.L.P. ("CGK"), and Renee Schwartz ("Schwartz") (collectively, "Defendants") to declare the validity of a Uniform Commercial Code ("U.C.C.") lien on the shares of a cooperative apartment and to direct the sale of such shares or, in the alternate, damages. Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the reasons stated below, Defendants' motion is DENIED.

### I. BACKGROUND

The facts summarized below are taken primarily from the Amended Complaint ("Amended Complaint") dated September 6, 2007, which the Court accepts as true for the purpose of ruling on the motions to dismiss. See Chambers v. Time

Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

On November 5, 2001, Rostropovich commenced a matrimonial proceeding (the "Matrimonial Action") in New York State Supreme Court (the "State Court") against Olaf Guerrand-Hermes ("Guerrand-Hermes"). At the onset of the Matrimonial Action, the State Court awarded Rostropovich pendente lite child support in the amount of $257,931.74. (See Rostropovich v. Guerrand-Hermes, No. 350697/07 (N.Y. Sup. Ct. July 24, 2002), attached as Ex. B to Affidavit of David Parker in Support of Motion by CGK and Schwartz to Dismiss the Complaint ("Parker Affidavit") dated May 12, 2004.)

Between February and May 2003, Guerrand-Hermes borrowed approximately $ 1.4 million dollars (the "Micalden Loans") from Micalden, a corporation wholly owned by Eva Blazek, Guerrand-Hermes's fiancé at the time. The Micalden Loans were used primarily for expenses related to a cooperative apartment located in a building known as Hotel des Artistes, 1 West 67th Street, New York, New York (the "Apartment")[1] and secured by the Shares. On February 20, 2003, Guerrand-Hermes executed a Demand Revolving Promissory Note (the "Note") in favor of

---

[1] The Apartment was purchased by Guerrand-Hermes's father in 1990, prior to the marriage of Guerrand-Hermes and Rostropovich. Ownership of the Apartment consisted of 756 shares (the "Shares") of Hotel des Artistes, Inc., the cooperative corporation, and a proprietary lease (the "Lease") recorded in Guerrand-Hermes's name.

Micalden evidencing the Micalden Loans. In May 2003, Guerrand-Hermes executed a Security Agreement ("Security Agreement I") to secure the Micalden Loans under the Note.

While awaiting a decision after a trial in the Matrimonial Action, Rostropovich made a motion (the "Sequestration Motion") seeking an order sequestering the Apartment, appointing a receiver to sell the Apartment, and applying the net proceeds of the sale to Rostropovich's arrears and future child and spousal support.

On or about October 2, 2003, Guerrand-Hermes executed an affidavit of confession of judgment ("Confession of Judgment") in the amount of $1,390,674.30 in favor of Micalden.

Micalden filed a U.C.C. financing statement ("UCC-1") on October 10, 2003 recording Micalden's security interest in the Apartment. The UCC-1 identified the collateral as all of Guerrand-Hermes's interest in the Lease and the proceeds of any sales of the Shares, transfer of the Apartment or subsequent assignment of the Lease.

On October 28, 2003, Rostropovich's Sequestration Motion was granted and a receiver (the "Receiver") was appointed to sell the Apartment. Three days later, Rostropovich obtained a judgment in the Matrimonial Action awarding her approximately $450,000 in maintenance and child support arrears.

Rostropovich then moved to vacate Guerrand-Hermes's Confession of Judgment as a fraudulent conveyance under § 276 of the New York Debtor and Creditor's Law ("§ 276"). The State Court vacated the Confession of Judgment, and, on appeal, the Appellate Division, First Department, reversed and remanded the case for a hearing under § 276 because Rostropovich "failed to show defendant's fraudulent intent by the requisite clear and convincing evidence." Micalden Inv. S.A. v. Guerrand-Hermes, 819 N.Y.S.2d 228, 230 (App. Div. 1st Dep't 2006).

Subsequently, the Receiver entered into a contract to sell the Apartment to the Mamdanis for $3.925 million and, on June 10, 2004, the sale of the Apartment closed. Before the closing date, on or about May 12, 2004, Rostropovich filed a U.C.C. termination statement ("UCC-3") terminating the Micalden Lien. The proceeds of the sale of the Apartment were ultimately distributed pursuant to the State Court's Order dated November 18, 2004. (See Rostropovich v. Guerrand-Hermes, No. 350697/01 (N.Y. Sup. Ct. November 18, 2004), attached as Ex. N to Parker Affidavit.) Micalden did not receive any proceeds from the sale of the Apartment.

## II. DISCUSSION

A. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court construes the complaint broadly, "accepting

all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002). However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F.3d 763, 771 (2d Cir. 1994) (citation and quotation marks omitted). A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007).

B.  APPLICATION

Defendants' sole basis supporting their motions to dismiss is that no security agreement exists granting Micalden a valid security interest in the Apartment. A security agreement is an "agreement which creates or provides for a security interest." N.Y. U.C.C. § 9-102. "A security agreement ... need not be embodied in a formal document ... Rather, it is sufficient that there exist, in addition to a standard form financing statement, some written evidence of the assignor's intent to grant the security interest." <u>King v. Tuxedo Enterprises, Inc.</u>, 975 F.Supp. 448, 452-53 (E.D.N.Y. 1997). Under the New York U.C.C., a security interest is enforceable if

(1) value has been given; (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and (3) one of the following conditions is met: (A) the debtor has authenticated a security agreement that provides a description of the collateral and, if the security interest covers timber to be cut, a description of the land concerned; (B) the collateral is not a certificated security and is in the possession of the secured party under Section 9-313 pursuant to the debtor's security agreement; (C) the collateral is a certificated security in registered form and the security certificate has been delivered to the secured party under Section 8-301 pursuant to the debtor's security agreement; or (D) the collateral is deposit accounts, electronic chattel paper, investment property, or letter-of-credit rights, and the secured party has control under Section 9-104, 9-105, 9-106, or 9-107 pursuant to the debtor's security agreement.

N.Y. U.C.C. § 9-203(b).

At the time Defendants' motions to dismiss were filed, Micalden had not alleged that a security agreement evidencing the Micalden Loans existed[2]. However, Micalden has since amended the complaint to include reference to a Security Agreement dated May 2003, rendering Defendants motions to dismiss moot.

Defendants correctly point out that there are discrepancies between the Amended Complaint and Security Agreement I. (See Security Agreement I, attached as Ex. A to Guerrand-Hermes Affidavit dated September 6, 2007.)

---

[2] Defendants do not dispute that value has been given or that Guerrand-Hermes has rights in the collateral or the power to transfer rights in the collateral to a secured party. Therefore, for purposes of this motion to dismiss, the Court limits its discussion to Defendants' sole argument that no security agreement exists granting Micalden a valid security interest in the Apartment.

Specifically, Security Agreement I does not refer to the Note dated February 20, 2003, which evidences the Micalden Loans, but refers to a Demand Revolving Promissory Note dated May 23, 2003. (Id.) In addition, Security Agreement I is dated March 2003 and names Micalden Investments Limited as the secured party, whereas the Amended Complaint states that Guerrand-Hermes executed a security agreement in May 2003 and names Micalden as the secured party. (Id.) However, accepting the allegations in Micalden's Amended Complaint as true compels the Court to conclude that a security agreement exists between Guerrand-Hermes and Micalden evidencing the Micalden Loans. See Chambers, 282 F.3d at 152. Accordingly, the Defendants' motions to dismiss are denied.

In addition, Micalden seeks to amend the complaint a second time to remove any references to Security Agreement I and include references to a Security Agreement ("Security Agreement II") dated October 3, 2008. Defendants argue that the Court should deny Micalden leave to amend the complaint a second time. However, under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, "a district court may properly deny leave when amendment would be futile." Jones v. N.Y. State Div. Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999) (citing Foman v. Davis, 371 U.S. 178,

182 ( 1962)). Here, it would not be futile to grant Micalden leave to amend the complaint a second time as it appears that in doing so the deficiencies Defendants identify with respect to Security Agreement I are addressed. The Court therefore grants Micalden leave to file a second amended complaint.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motions (Docket Nos. 8 and 14) of defendants Olga Rostropovich, Atoosa P. Mamdani, Mahmoud A. Mamdani, Cooley Godward Kronish L.L.P., and Renee Schwartz to dismiss the complaint of plaintiff Micalden Investments S.A. are DENIED.

**SO ORDERED.**

Dated:   New York, New York
         25 February 2008

_____
VICTOR MARRERO
U.S.D.J.