Arthur G. Jakoby, Esq.
HERRICK, FEINSTEIN LLP                          FILED ELECTRONICALLY
Attorneys for Plaintiff
2 Park Avenue
New York, NY  10016
212.592.1400
Attorneys for Defendants Atoosa P. Mamdani
        and Mahmoud A. Mamdani

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICALDEN INVESTMENTS S.A.                      :     Civ. No. 07-2395 (VM)
                                              :
                        Plaintiff,            :     **ATOOSA P. MAMDANI'S AND**
                                              :     **MAHMOUD A. MAMDANI'S**
        vs.                                   :     **ANSWER TO SECOND AMENDED**
                                              :     **COMPLAINT, AFFIRMATIVE**
OLGA ROSTROPOVICH, COOLEY GODWARD :                 **DEFENSES AND CROSSCLAIMS**
KRONISH LLP, RENEE SCHWARTZ, ATOOSA :
P. MAMDANI and MAHMOUD A. MAMDANI, :
                                              :
                        Defendants.           :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants Atoosa P. Mamdani and Mahmoud A. Mamdani  ("the Mamdanis")

by their counsel, Herrick, Feinstein LLP, as and for their Answer to Plaintiff's Second Amended

Complaint, hereby allege as follows:

### As To Parties and Jurisdiction

        1.      The Mamdanis deny knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 1 of the Second Amended Complaint,

which contains legal conclusions, to which no answer is required.

        2.      The Mamdanis deny the allegations contained in paragraph 2 of the

Second Amended Complaint, which contains legal conclusions, to which no answer is required.

3.      The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint.

4.      The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint.

5.      The Mamdanis deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Second Amended Complaint.

6.      The Mamdanis deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Second Amended Complaint.

7.      The Mamdanis deny the allegations contained in paragraph 7 of the Second Amended Complaint, except admit they own shares in a cooperative apartment located at 1 West 67th Street, New York, New York.

**As To Background**

8.      The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Second Amended Complaint.

9.      The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Second Amended Complaint.

10.      The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Second Amended Complaint.

11.      The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Second Amended Complaint.

12.      The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Second Amended Complaint.

13.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Second Amended Complaint.

14.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Second Amended Complaint.

15.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Second Amended Complaint.

16.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Second Amended Complaint.

17.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Second Amended Complaint.

18.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Second Amended Complaint.

19.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Second Amended Complaint.

20.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Second Amended Complaint, except admit that they entered into a contract to purchase cooperative shares in an apartment located at 1 West 67th Street, New York, New York.

21.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Second Amended Complaint.

22.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Second Amended Complaint.

23.    The allegation contained in paragraph 23 of the Second Amended Complaint contains a legal conclusion to which no answer is required. To the extent an answer is required the Mamdanis deny the allegation.

24.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Second Amended Complaint.

25.    The Mamdanis deny the allegations contained in paragraph 25 of the Second Amended Complaint, except admit that on June 10, 2004 they purchased share in a cooperative apartment located at 1 West 67th Street, New York, New York.

26.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint.

27.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint.

28.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Second Amended Complaint.

### AS TO COUNT I
### Declaratory Judgment

29.    With respect to the allegations contained in paragraph 29 of the Second Amended Complaint, the Mamdanis repeat and reallege each and every response contained in paragraphs 1 through 28 above as if fully set forth herein.

30.    The allegations contained in paragraph 30 of the Second Amended Complaint contain a legal conclusion to which no answer is required. To the extent an answer is required the Mamdanis deny the allegations.

31.    The allegations contained in paragraph 31 of the Second Amended Complaint contain a legal conclusion to which no answer is required.  To the extent an answer is required the Mamdanis deny the allegations.

32.    The Mamdanis deny the allegations contained in paragraph 32 of the Second Amended Complaint.

33.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Second Amended Complaint.

34.    The allegations contained in paragraph 34 of the Second Amended Complaint contain a legal conclusion to which no answer is required.  To the extent an answer is required the Mamdanis deny the allegations.

## AS TO COUNT II
### Foreclosure and Sale

35.    With respect to the allegations contained in paragraph 35 of the Second Amended Complaint, the Mamdanis repeat and reallege each and every response contained in paragraphs 1 through 34 above as if fully set forth herein.

36.    The allegations contained in paragraph 36 of the Second Amended Complaint contain a legal conclusion to which no answer is required.  To the extent an answer is required the Mamdanis deny the allegations.

37.    The Mamdanis deny the allegations contained in paragraph 37 of the Second Amended Complaint.

## AS TO COUNT III
### Unjust Enrichment

38.     With respect to the allegations contained in paragraph 38 of the Second Amended Complaint, the Mamdanis repeat and reallege each and every response contained in paragraphs 1 through 37 above as if fully set forth herein.

39.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Second Amended Complaint.

40.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Second Amended Complaint.

## AS TO COUNT IV
### Impairment of Collateral

41.     With respect to the allegations contained in paragraph 41 of the Second Amended Complaint, the Mamdanis repeat and reallege each and every response contained in paragraphs 1 through 40 above as if fully set forth herein.

42.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Second Amended Complaint.

43.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Second Amended Complaint.

44.     The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Second Amended Complaint.

## AS TO COUNT V
### Fraud

45.    With respect to the allegations contained in paragraph 45 of the Second Amended Complaint, the Mamdanis repeat and reallege each and every response contained in paragraphs 1 through 44 above as if fully set forth herein.

46.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Second Amended Complaint.

47.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Second Amended Complaint.

48.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Second Amended Complaint.

49.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Second Amended Complaint.

50.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Second Amended Complaint.

51.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Second Amended Complaint.

52.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Second Amended Complaint.

53.    The Mamdanis deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Second Amended Complaint.

54.    The Mamdanis deny each and every allegation contained in Plaintiff's "WHEREFORE" clause, and deny that Plaintiff is entitled to any relief that it requests.

### General Denial

55.    The Mamdanis deny the allegations contained in the Second Amended Complaint to the extent not expressly admitted in the preceeding paragraphs.    Further, the Mamdanis deny that Plaintiff is entitled to any relief sought against the Mamdanis in this action.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

56.    Micalden has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

57.    The Mamdanis have not breached any agreement with Micalden.

### THIRD AFFIRMATIVE DEFENSE

58.    Micalden's claims are barred by the doctrines of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

59.    Micalden's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

60.    Micalden's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

61.    Micalden's claims are barred by a failure to act in accordance with the standards of good faith and fair dealing.

### SEVENTH AFFIRMATIVE DEFENSE

62.    Micalden's damages, if any, cannot be recovered due to a failure to mitigate their damages and/or avoid consequences.

## EIGHTH AFFIRMATIVE DEFENSE

63.    The Mamdanis have acted reasonably and in good faith at all times relating to this matter.

## NINTH AFFIRMATIVE DEFENSE

64.    The damages, if any, complained of were caused solely by the separate, independent and/or wrongful actions and/or inactions of Defendants Olga Rostropovich, Cooley Godward Kronish LLP and Renee Schwartz and/or other third persons over whom the Mamdanis exercised no control.

## TENTH AFFIRMATIVE DEFENSE

65.    The Mamdanis have not breached a duty to Micalden.

## ELEVENTH AFFIRMATIVE DEFENSE

66.    Micalden's claims are barred by the doctrine of ratification.

## TWELFTH AFFIRMATIVE DEFENSE

67.    The Mamdanis reserve the right to assert additional defenses if and to the extent that such defenses are applicable.

## AS AND FOR A CROSS-CLAIM AGAINST
## OLGA ROSTROPOVICH, COOLEY GODWARD KRONISH LLP
## AND RENEE SCHWARTZ

68.    If the Mamdanis suffer any damages or losses as a result of the facts alleged in the Second Amended Complaint, since such damages were not due to any wrongful negligence or fault on the part of the Mamdanis but rather were due, in whole, to the wrongful actions and/or inactions, fault or negligence of co-defendants Olga Rostropovich, Cooley Godward Kronish LLP and Renee Schwartz (collectively, the "Co-defendants"), the Mamdanis are entitled to recover any such damages and losses for the Co-defendants.

69.     If the Mamdanis are held liable for any of the damages or losses claimed by the Plaintiff, then the Mamdanis are entitled to indemnification, in whole, from the Co-defendants, of any judgment obtained on the basis that such damages or losses as a result of the Second Amended Complaint were due to the wrongful actions or inactions, fault or negligence of the Co-defendants.

**WHEREFORE,** the Mamdanis demand Judgment dismissing the Second Amended Complaint and demand Judgment granting their cross-claims, together with costs, disbursements and attorneys' fees herein, and such other and further relief which this Court deems appropriate.

Dated:   New York, New York
          April 10, 2008

                     **HERRICK, FEINSTEIN LLP**
                     Attorneys for Defendants Atoosa P. Mamdani
                     and Mahmoud A. Mamdani

                     By: /s/ Arthur G. Jakoby
                           Arthur G. Jakoby

                     2 Park Avenue
                     New York, New York 10016-9301
                     Tel:  212-592-1400
                     ajakoby@herrick.com