UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
MICALDEN INVESTMENTS S.A.                :
                                         :
                    Plaintiff,           :
                                         :
          - against –                    :   Case No. 07 CV 2395 (VM)
                                         :
OLGA ROSTROPOVICH, COOLEY GODWARD        :
KRONISH LLP, RENEE SCHWARTZ, ATOOSA P.   :
MAMDANI, and MAHMOUD A. MAMDANI,         :
                                         :
                    Defendants.          :
------------------------------------- x

## ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANTS COOLEY GODWARD KRONISH LLP AND RENEE SCHWARTZ IN RESPONSE TO SECOND AMENDED COMPLAINT

Defendants Cooley Godward Kronish LLP ("CGK") and Renee Schwartz (the "CGK Defendants"), by their attorneys, Kleinberg, Kaplan, Wolff & Cohen, P.C., for their answer and affirmative defenses in response to the second amended complaint dated as of September 11, 2007 (the "Second Amended Complaint"), by plaintiff Micalden Investments S.A. ("Micalden"), allege as follows:

1. Deny the allegations set forth in paragraph 1 of the Second Amended Complaint, except admit that Micalden seeks to declare the validity of a purported UCC lien on the shares of a certain cooperative apartment and to direct the sale of those shares and, alternatively, seeks damages, and state that, to the extent paragraph 1 contains legal conclusions, no response by the CGK Defendants is necessary.

2. Deny the allegations set forth in paragraph 2 of the Second Amended Complaint, except admit that the CGK Defendants reside in this district and state that, to

the extent paragraph 2 contains legal conclusions, no response by the CGK Defendants is necessary.

3-4.  Deny knowledge and information sufficient to form a belief as to the allegations in paragraphs 3 and 4 of the Second Amended Complaint.

5.  Deny the allegations set forth in paragraph 5 of the Second Amended Complaint, except admit that CGK is a law firm and limited liability partnership organized and existing under the laws of the State of California, that CGK maintains its principal place of business in Palo Alto, California, and an office at 1114 Avenue of the Americas, New York, New York, and that Kronish Lieb Weiner & Hellman LLP ("Kronish Lieb"), which previously represented Olga Rostropovich, merged with Cooley Godward LLP in October 2006.

6.  Deny the allegations set forth in paragraph 6 of the Second Amended Complaint, except admit that Renee Schwartz is an attorney residing and practicing law in the State of New York, that she is a current partner of CGK and a former partner of Kronish Lieb, and that she previously performed services relating to Ms. Rostropovich's matrimonial action against Olaf Guerrand-Hermes and related matters.

7.  Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 7 of the Second Amended Complaint.

8.  Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 8 of the Second Amended Complaint, except admit that Ms. Rostropovich and Mr. Guerrand-Hermes married in 1991, that funds belonging to Mr. Guerrand-Hermes' father, Patrick Guerrand-Hermes, were used to purchase a cooperative apartment at the Hotel des Artistes, at 1 West 67th Street, New York, New York, and that a

MROSEN\129716.6 - 4/10/08

proprietary lease on the foregoing apartment was recorded in the name of Mr. Guerrand-Hermes.

9. Deny the allegations set forth in paragraph 9 of the Second Amended Complaint, except admit that Ms. Rostropovich commenced a matrimonial action against Olaf Guerrand-Hermes in 2001 titled <u>Olga Rostropovich v. Olaf Guerrand-Hermes</u>, Index No. 350697/01, in the Supreme Court of the State of New York (the "Supreme Court"), County of New York, that the action was tried over several days from November 2002 through March 2003, that a post-trial decision was issued on October 3, 2003, that a money judgment was entered on October 31, 2003 against Mr. Guerrand-Hermes in the amount of $453,010 (reflecting certain outstanding arrears), that the divorce judgment was entered on or about January 26, 2004, and that, on appeal, the divorce judgment was largely affirmed in favor of Ms. Rostropovich, and respectfully refer the Court to the referenced decisions and judgments for their terms and content.

10. Deny the allegations set forth in paragraph 10 of the Second Amended Complaint, except admit that, in 2003, Ms. Rostropovich and Mr. Guerrand-Hermes were estranged and living apart, and deny knowledge and information sufficient to form a belief as to the allegations concerning the engagement and marriage of Mr. Guerrand-Hermes and Eva-Marie Blazek.

11. Deny the allegations set forth in paragraph 11 of the Second Amended Complaint.

12. Deny the allegations set forth in paragraph 12 of the Second Amended Complaint, except admit that the judgment by confession was entered by the Clerk of the Supreme Court on or about October 22, 2003, and respectfully refer the Court to the

referenced affidavit of confession of judgment, judgment by confession, and UCC-1 Financing Statement for their terms and content.

13. Deny the allegations set forth in paragraph 13 of the Second Amended Complaint, except admit that on or about October 28, 2003, the Supreme Court entered an order granting Ms. Rostropovich's sequestration motion (which sought an order sequestering the apartment, appointing a receiver to sell it, and applying the net sales proceeds to Ms. Rostropovich's arrears and future spousal and child support), and that on or about December 5, 2003, the Supreme Court entered an order appointing Harvey Fishbein, Esq. as receiver, and respectfully refer the Court to the referenced orders for their terms and content.

14. Admit the allegations set forth in paragraph 14 of the Second Amended Complaint, and respectfully refer the Court to the referenced order for its terms and content.

15. Deny the allegations set forth in paragraph 15 of the Second Amended Complaint, except admit that on December 19, 2003, after Ms. Rostropovich learned about Mr. Guerrand-Hermes' confession of judgment to Micalden, Ms. Rostropovich intervened as a creditor in Micalden's consent judgment action against Mr. Guerrand-Hermes (Index No. 118422/03) and moved to vacate the consent judgment as a fraudulent conveyance under section 276 of the New York Debtor and Creditor Law.

16. Deny the allegations set forth in paragraph 16 of the Second Amended Complaint, except admit that on December 19, 2003, Ms. Rostropovich moved to vacate the consent judgment as a fraudulent conveyance under section 276 of the New York Debtor and Creditor Law, and that Micalden contended in opposition that it was a

legitimate creditor of Mr. Guerrand-Hermes, and respectfully refer the Court to the referenced motion and opposition for their content.

17. Deny the allegations set forth in paragraph 17 of the Second Amended Complaint, except admit that the Supreme Court vacated the consent judgment on the ground that it constituted a fraudulent conveyance under section 276 of the New York Debtor and Creditor Law, and respectfully refer the Court to the referenced decision and order for their terms and content.

18. Deny the allegations set forth in paragraph 18 of the Second Amended Complaint, except admit that Micalden appealed the vacatur order to the Appellate Division for the First Department, that Micalden delayed until the last day of the nine-month period in which to perfect its appeal and then requested an extension of time, and that the Appellate Division reversed the vacatur order (on the procedural ground that the Supreme Court should have held an evidentiary hearing) and remanded the matter to the Supreme Court, and respectfully refer the Court to the appellate decision and order for their terms and content.

19. Deny the allegations set forth in paragraph 19 of the Second Amended Complaint, except admit that the vacatur order directed the Clerk of Court to vacate the consent judgment, and respectfully refer the Court to the referenced order for its terms and content.

20. Admit the allegations set forth in paragraph 20 of the Second Amended Complaint, and respectfully refer the Court to the referenced contract for its terms and content.

21. Deny the allegations set forth in paragraph 21 of the Second Amended Complaint, and respectfully refer the Court to the referenced UCC-3 Termination Statement for its content.

22. Deny the allegations set forth in paragraph 22 of the Second Amended Complaint.

23. Deny the allegations set forth in paragraph 23 of the Second Amended Complaint, and state that, to the extent paragraph 23 contains legal conclusions, no response by the CGK Defendants is necessary.

24. Deny the allegations set forth in paragraph 24 of the Second Amended Complaint, except deny knowledge and information sufficient to form a belief as to when Micalden and its counsel learned of the UCC-3, and respectfully refer the Court to the referenced appellate brief and appellate decision and order dated June 29, 2006, in <u>Micalden Investments S.A. v. Olaf Guerrand-Hermes v. Olga Rostropovich</u> (Index No. 118422/03), for their content.

25. Admit the allegations set forth in paragraph 25 of the Second Amended Complaint.

26. Deny the allegations in paragraph 26 of the Second Amended Complaint, except admit that Ms. Rostropovich's judgment was "prior in time and right" to the purported Micalden lien.

27-28. Deny the allegations set forth in paragraphs 27 and 28 of the Second Amended Complaint.

29. With respect to the allegations in paragraph 29 of the Second Amended Complaint, the CGK Defendants repeat and reallege the responses to paragraphs 1 through

28 of the Second Amended Complaint as if fully set forth herein.

30. Deny the allegations set forth in paragraph 30 of the Second Amended Complaint, except admit that the CGK Defendants dispute the validity of the UCC-1 and the purported lien by Micalden.

31-32. Deny the allegations set forth in paragraphs 31 and 32 of the Second Amended Complaint, and state that, to the extent paragraphs 31 and 32 contain legal conclusions, no responses by the CGK Defendants are necessary.

33. Deny the allegations set forth in paragraph 33 of the Second Amended Complaint, and respectfully refer the Court to the referenced UCC-3 Termination Statement for its content.

34. Deny the allegations set forth in paragraph 34 of the Second Amended Complaint, and state that, to the extent paragraph 34 contains legal conclusions, no response by the CGK Defendants is necessary.

35. With respect to the allegations in paragraph 35 of the Second Amended Complaint, the CGK Defendants repeat and reallege the responses to paragraphs 1 through 34 of the Second Amended Complaint as if fully set forth herein.

36-37. Deny the allegations set forth in paragraphs 36 and 37 of the Second Amended Complaint.

38. With respect to the allegations in paragraph 38 of the Second Amended Complaint, the CGK Defendants repeat and reallege the responses to paragraphs 1 through 37 of the Second Amended Complaint as if fully set forth herein.

39-40. Deny the allegations set forth in paragraphs 39 and 40 of the Second Amended Complaint.

41. With respect to the allegations in paragraph 41 of the Second Amended Complaint, the CGK Defendants repeat and reallege the responses to paragraphs 1 through 40 of the Second Amended Complaint as if fully set forth herein.

42-44. Deny the allegations set forth in paragraphs 42 through 44 of the Second Amended Complaint.

45. With respect to the allegations in paragraph 45 of the Second Amended Complaint, the CGK Defendants repeat and reallege the responses to paragraphs 1 through 44 of the Second Amended Complaint as if fully set forth herein.

46-53. Deny the allegations set forth in paragraphs 46 through 53 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

54. Micalden's allegations, in whole or in part, fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

55. Micalden's claims are barred, in whole or in part, because Micalden never had an enforceable security interest in the apartment shares, sale proceeds or other purported collateral under applicable law, including section 9-203 of the New York Uniform Commercial Code.

### Third Affirmative Defense

56. Micalden's claims are barred, in whole or in part, because the Form UCC-1 filed by Micalden was null and void, ineffective and unenforceable since it failed to comply with applicable law, including the requirements of the Uniform Commercial Code.

8

### Fourth Affirmative Defense

57. Micalden's claims are barred, in whole or in part, because Micalden's purported security interest and the Form UCC-1 filed by Micalden were null and void, ineffective and unenforceable since they were based upon a fraudulent consent judgment.

### Fifth Affirmative Defense

58. Micalden's claims are barred, in whole or in part, because Micalden's purported security agreement is not valid.

### Sixth Affirmative Defense

59. Micalden's claims are barred, in whole or in part, and any alleged conduct by the CGK Defendants was proper (including the filing of the UCC-3 Termination Statement), by virtue of the Decision and Order by the Honorable Emily Jane Goodman, J.S.C., dated March 17, 2004, and by virtue of all of the other proceedings in the Supreme Court.

### Seventh Affirmative Defense

60. Micalden's fifth count for fraud should be barred, in whole or in part, because the alleged representation by the CGK Defendants was not material.

### Eighth Affirmative Defense

61. Micalden's fifth count for fraud should be barred, in whole or in part, for lack of specificity.

### Ninth Affirmative Defense

62. Micalden's fifth count for fraud should be barred, in whole or in part, because Micalden did not rely upon the alleged misrepresentation by the CGK Defendants.

### Tenth Affirmative Defense

63. Micalden's claims are barred, in whole or in part, by virtue of the doctrines of estoppel, waiver, ratification and laches.

### Eleventh Affirmative Defense

64. Micalden's claims are barred, in whole or in part, by virtue of Micalden's fraud, its aiding and abetting fraud, its violations of New York debtor-creditor law, its bad faith and unclean hands, and its other misconduct.

### Twelfth Affirmative Defense

65. Micalden's claims are barred, in whole or in part, because the CGK Defendants acted in good faith at all relevant times.

### Thirteenth Affirmative Defense

66. Micalden's claims are barred, in whole or in part, because Micalden has not suffered any damages.

### Fourteenth Affirmative Defense

67. Micalden's claims are barred, in whole or in part, because Micalden has not suffered any damages attributable to acts or omissions by the CGK Defendants.

### Fifteenth Affirmative Defense

68. Micalden is not entitled to punitive damages.

### Sixteenth Affirmative Defense

69. Micalden's claims are barred, in whole or in part, because Micalden failed to join indispensable parties including, without limitation, Olaf Guerrand-Hermes.

### Seventeenth Affirmative Defense

70. Micalden's claims are barred, in whole or in part, due to lack of subject matter jurisdiction, improper venue and Micalden's forum shopping.

### Eighteenth Affirmative Defense

71. Micalden's claims are barred, in whole or in part, because they are not ripe for adjudication.

### Nineteenth Affirmative Defense

72. Micalden's claims are barred, in whole or in part, because at all relevant times the CGK Defendants were acting as agents and in a representative capacity as counsel for Ms. Rostropovich.

### Twentieth Affirmative Defense

73. Micalden's claims are barred, in whole or in part, or this action should be stayed, because there is a prior action pending in the Supreme Court of the State of New York concerning the subject matter of this action.

### Twenty-First Affirmative Defense

74. Micalden's claims are barred, in whole or in part, because Micalden is not authorized to conduct business in the State of New York and is not permitted to initiate or prosecute this action.

**WHEREFORE,** the CGK Defendants demand judgment dismissing the Second Amended Complaint with prejudice and awarding the CGK Defendants their costs and disbursements in this action, including reasonable attorneys' fees, and such other and additional relief as may be just and proper.

Dated: April 10, 2008

                                                **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

                                        By: _____
                                                        David Parker
                                                        Marc R. Rosen

                                    551 Fifth Avenue, 18th Floor
                                    New York, New York 10176
                                    Telephone:  (212) 986-6000
                                    Facsimile:   (212) 986-8866

Attorneys for Defendants
    **COOLEY GODWARD KRONISH LLP**
    **and RENEE SCHWARTZ**

## CERTIFICATE OF SERVICE

True and correct copies of the Answer and Affirmative Defenses by Defendants Cooley Godward Kronish LLP and Renee Schwartz in Response to Second Amended Complaint dated April 10, 2008, were served upon Edward Rubin and Michael Schneider, Attorneys for Plaintiff **MICALDEN INVESTMENTS S.A.**, 477 Madison Avenue, New York, New York 10022, Arthur G. Jakoby, Herrick, Feinstein LLP, Attorneys for Defendants **ATOOSA P. MAMDANI and MAHMOUD A. MAMDANI**, Two Park Avenue, New York, New York 10016, and Leo Kayser and Declan Redfern, Kayser & Redfern LLP, Attorney for Defendant **OLGA ROSTROPOVICH**, 515 Madison Avenue, 30th Floor, New York, New York 10022, by in-hand personal delivery.

Dated:   New York, New York
         April 10, 2008

_____
Marc R. Rosen (MR-9844)