```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MICALDEN INVESTMENTS S.A.                 Civ. Action No.
                                          07 Civ. 2395 (VM)
                Plaintiff,
                                          (JURY TRIAL)
        -against-

OLGA ROSTROPOVICH, COOLEY GODWARD
KRONISH LLP, RENEE SCHWARTZ, ATOOSA
P. MAMDANI and MAHMOUD A. MAMDANI,

                Defendants.
----------------------------------------X
```

**OLGA ROSTROPOVICH'S ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM**

Defendant, OLGA ROSTROPOVICH ("Rostropovich") by her counsel, Kayser & Redfern, LLP, as and for her Answer and Affirmative Defenses to Plaintiff, MICALDEN INVESTMENTS S.A.'S ("Plaintiff") Second Amended Complaint dated September 11, 2007, and Cross-Claim, hereby avers as follows:

**As To Parties and Jurisdiction**

**1.** Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "1" of the Second Amended Complaint, and otherwise denies each and every averment that contains a legal conclusion or theory to which no answer is required and begs leave to refer to the Second Amended Complaint in its entirety for the purported nature of the action.

**2.** Rostropovich lacks knowledge or information

sufficient to form a belief as to the truth of the averments contained in paragraph "2" of the Second Amended Complaint, except admits that Rostropovich resides from time to time in this district and otherwise denies each and every averment that contains a legal conclusion or theory, to which no answer is required.

      3.   Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "3" of the Second Amended Complaint.

      4.   Rostropovich admits the averments contained in paragraph "4" of the Second Amended Complaint to the extent that she admits that she resides from time to time in an apartment located at 161 West 61st Street, New York, New York.

      5.   Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "5" of the Second Amended Complaint.

      6.   Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of all of the averments contained in paragraph "6" of the Second Amended Complaint, but admits that defendant RENEE SCHWARTZ ("Schwartz") represented Rostropovich in connection with certain matrimonial proceedings in New York State Supreme Court, <u>sub pro</u> proceedings arising out of her matrimonial proceedings in New York State Supreme Court and as an intervening non-party in an action titled <u>Micalden Investments S.A. v. Olaf Guerrand-Hermes</u>, Index # 118422/03.

      7.   Rostropovich lacks knowledge or information

sufficient to form a belief as to the truth of the averments contained in paragraph "7" of the Second Amended Complaint.

### As to Background

8. Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of all of the averments contained in paragraph "8" of the Second Amended Complaint, but admits that she became married to Olaf Guerrand-Hermes ("Hermes") in or about 1991 and resided for periods during the marriage in the apartment located at Hotel Des Artistes, 1 West 67th Street, Units 600, 601, 603 and 6M, (collectively the "Apartment").

9. Rostropovich admits substantially the averments contained in paragraph "9" of the Second Amended Complaint, but respectfully refers the Court and the parties to the decisions, orders, and judgments referred to therein in their entirety for their terms, conditions and legal affect.

10. Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "10" of the Second Amended Complaint and specifically refers the Court and the parties to the decision and order of the Honorable Emily Jane Goodman entered on or about March 17, 2004, in the action titled <u>Micalden Investments S.A. v. Olaf Guerrand-Hermes</u>, Index No. 118422/03 in Supreme Court, New York County (the "Consent Judgment Decision") which held that a certain Consent Judgment in favor of Micalden Investments, S.A. executed by Rostropovich's former husband Hermes in the amount of $1,390,664.35

should be set aside as a fraudulent conveyance under Section 276 of the New York Debtor Creditor Law. Rostropovich also refers to the Decision and Order of the Appellate Division First Department dated June 19, 2006, that reversed the Consent Judgment Decision and remanded the case to Justice Goodman for an evidentiary hearing to determine if there was clear and convincing evidence of fraud.

11.  Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "11" of the Second Amended Complaint but avers upon information and belief that the Affidavit of Confession of Judgment in favor of Micalden's Investments, S.A. referred to therein is the same Consent Judgment referred to in paragraph "10" of the Second Amended Complaint that was vacated as a fraudulent conveyance under Section 276 of the New York Debtor Creditor Law by the Consent Judgment Decision.

12.  Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "12" of the Second Amended Complaint and otherwise denies each and every averment contained therein to the extent that the averments are inconsistent with the findings of facts and conclusions of law set forth in the Consent Judgment Decision.

13.  Rostropovich admits the averments contained in paragraph "13" of the Second Amended Complaint to the extent that the Supreme Court, New York County, Emily Jane Goodman, J.S.C.

entered an order appointing Harvey Fishbein, Esq., as receiver with authority to sell the Apartment and that the Receivership Order contained a sequestration provision, but otherwise begs leave to refer to the decisions and orders referred to in paragraph "13" of the Second Amended Complaint in their entirety for their terms, conditions and legal affect.

14. Rostropovich admits the averments contained in paragraph "14" of the Second Amended Complaint, and, upon information and belief, Carol Lilienfield, Esq. was retained as counsel to Harvey Fishbein, Esq. as the Receiver's attorney.

15. Rostropovich denies each and every averment contained in paragraph "15" of the Second Amended Complaint except admits that at all times referred to therein she was represented by defendant, Renee Schwartz, and/or Cooley Godward Kronish LLP (collectively "Rostropovich's Counsel") and that the Apartment was, upon information and belief, sold pursuant to the terms of the Sequestration and Receivership Orders referred to therein which Rostropovich refers to in their entirety for their terms, conditions and legal affect and that the Consent Judgment referred to therein was vacated pursuant to the Consent Judgment Decision.

16. Rostropovich denies each and every averment contained in paragraph "16" of the Second Amended Complaint except admits that the Consent Judgment Decision was entered on March 17, 2004, following Rostropovich's Counsel's submitting an Order to Show Cause seeking to vacate the Consent Judgment and that at all

times mentioned in paragraph "16" of the Second Amended Complaint Rostropovich was represented by Rostropovich's Counsel.

17. Rostropovich denies each and every averment contained in paragraph "17" of the Second Amended Complaint except admits that the Consent Judgment Decision was entered on March 17, 2004, as more particularly set forth in paragraph 4 above, and begs leave to refer to the Consent Judgment Decision for its actual substance.

18. Rostropovich denies each and every averment contained in paragraph "18" of the Second Amended Complaint except admits that the Appellate Division First Department entered a Decision and Order dated June 29, 2006, following the Plaintiff's appeal from the Consent Judgment Decision and begs leave to refer to the decision and order in its entirety for its content and legal affect.

19. Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "19" of the Second Amended Complaint and avers that at all times mentioned in paragraph "19" of the Second Amended Complaint Rostropovich was represented by Rostropovich's Counsel and otherwise refers to the Consent Judgment Decision in its entirety for its content and legal affect.

20. Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "20" of the Second Amended Complaint, except

admits, upon information and belief, that the Receiver entered into a contract to sell cooperative shares in the Apartment and otherwise begs leave to refer to the contract in its entirety for its terms, content and legal affect.

21.  Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of each and every averment contained in paragraph "21" of the Second Amended Complaint and avers that at all times referred to therein, Rostropovich was represented by Rostropovich's Counsel and otherwise begs leave to refer to the documents referred to therein in their entirety for their content and legal affect.

22.  Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "22" of the Second Amended Complaint, and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

23.  Rostropovich denies each and every averment contained in paragraph "23" of the Second Amended Complaint and to the extent the averments set forth therein assert a legal conclusion or theory no answer is required, and Rostropovich further begs leave to refer to the Uniform Commercial Code ("UCC") and UCC §19-509 in its entirety for its content and legal affect.

24.  Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "24" of the Second Amended Complaint and

otherwise denies the averments to the extent the paragraph "24" does not sufficiently identify the appeal to which Plaintiff is referring.

25. Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "25" of the Second Amended Complaint, but admits, upon information and belief, that in or about June 2004, the Apartment was sold.

26. Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "26" of the Second Amended Complaint.

27. Rostropovich denies each and every averment contained in paragraph "27" of the Second Amended Complaint and was at all times mentioned therein represented by Rostropovich's Counsel.

28. Rostropovich denies each and every averment contained in paragraph "28" of the Second Amended Complaint and was at all times mentioned therein represented by Rostropovich's Counsel.

**AS TO COUNT I**

**Declaratory Judgment**

29. With respect to the averments contained paragraph "28" of the Second Amended Complaint, Rostropovich repeats and reavers each and every response contained in paragraph "1" through

"28" above as if more particularly set forth herein in full.

30. Rostropovich denies each and every averment contained in paragraph "30" of the Second Amended Complaint except admits there is a dispute between the Plaintiff and the Defendants concerning the validity of the UCC-1 filed by Plaintiff.

31. Rostropovich denies each and every averment contained in paragraph "31" of the Second Amended Complaint and to the extent the averments set forth therein contain a legal conclusion or theory no answer is required but Rostropovich begs leave to refer to the UCC and UCC §9-501 and UCC §9-509 in their entirety for their content and legal construction.

32. Rostropovich denies each and every averment contained in paragraph "32" of the Second Amended Complaint and to the extent paragraph 32 purports to be a recitation of UCC §9-509(d) Rostropovich begs leave to refer to the UCC and UCC §9-509 in its entirety for its content and legal construction.

33. Rostropovich lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph "33" of the Second Amended Complaint.

34. Rostropovich denies each and every averment contained in paragraph "34" of the Second Amended Complaint and to the extent the averments assert a legal conclusion or theory no answer is required. To the extent an answer is required Rostropovich denies the averments.

**AS TO COUNT II**

**Foreclosure and Sale**

35.   With respect to the averments contained in paragraph "35" of the Second Amended Complaint, Rostropovich repeats and reavers each and every response contained in paragraph "1" through "34" above as if more particularly set forth herein in full.

36.   Rostropovich denies each and every averment contained in paragraph "36" of the Second Amended Complaint and to the extent that the averments assert a legal conclusion or theory, no answer is required and  Rostropovich begs leave to refer to the UCC and UCC §9-604 and UCC §9-604(a)(1) in their entirety for their content and legal construction.

37.   Rostropovich denies each and every averment contained in paragraph "37" of the Second Amended Complaint.

**AS TO COUNT III**

**Unjust Enrichment**

38.   With respect to the averments contained in paragraph "38" of the Second Amended Complaint, Rostropovich repeats and reavers each and every response contained in paragraph "1" through "37" above as if more particularly set forth herein in full.

39.   Rostropovich denies each and every averment contained in paragraph "39" of the Second Amended Complaint.

40.     Rostropovich denies each and every averment contained in paragraph "40" of the Second Amended Complaint.

### AS TO COUNT IV

#### Impairment of Collateral

41.     With respect to the averments contained in paragraph "41" of the Second Amended Complaint, Rostropovich repeats and reavers each and every response contained in paragraph "1" through "40" above as if more particularly set forth herein in full.

42.     Rostropovich denies the averments contained in paragraph "42" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

43.     Rostropovich denies each and every averment contained in paragraph "43" of the Second Amended Complaint.

44.     Rostropovich denies each and every averment contained in paragraph "44" of the Second Amended Complaint.

### AS TO COUNT V

#### Fraud

45.     With respect to the averments contained in paragraph "45" of the Second Amended Complaint, Rostropovich repeats and reavers each and every response contained in paragraph

"1" through "44" above as if more particularly set forth herein in full.

46. Rostropovich denies each and every averment contained in paragraph "46" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

47. Rostropovich denies each and every averment contained in paragraph "47" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

48. Rostropovich denies each and every averment contained in paragraph "48" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

49. Rostropovich denies each and every averment contained in paragraph "49" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

50. Rostropovich denies each and every averment contained in paragraph "50" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

51. Rostropovich denies each and every averment contained in paragraph "51" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was

represented by Rostropovich's Counsel.

52.  Rostropovich denies each and every averment contained in paragraph "52" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

53.  Rostropovich denies each and every averment contained in paragraph "53" of the Second Amended Complaint and avers that at all times mentioned therein Rostropovich was represented by Rostropovich's Counsel.

### General Denial

54.  Rostropovich denies each and every averment contained in the Second Amended Complaint to the extent not expressly admitted in the preceding paragraphs or to the extent that Rostropovich lacked knowledge or information sufficient to form a belief as to the truth of the averments.  Further, Rostropovich denies that Plaintiff is entitled to any relief sought against Rostropovich in this action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

55.  Plaintiff was at all times mentioned in the Second Amended Complaint a foreign corporation engaged in business in New York that failed to qualify to do business in the state of New York and is thus precluded from maintaining the action at this time pursuant to New York Business Corporation Law Section 1312.

**SECOND AFFIRMATIVE DEFENSE**

56. There are prior pending actions in Supreme court under the captions titled <u>Micalden Investments S.A. v. Olaf Guerrand-Hermes, and Olga Rostropovich</u>, Index: 118422/03, and/or <u>Olga Rostropovich v. Olaf Guerrand-Hermes</u>, Index: 350697/01 involving the same issues as this Court is asked to adjudicate which risk inconsistent outcomes.

**THIRD AFFIRMATIVE DEFENSE**

57. The Plaintiff through its sole shareholder and officer, Eva Blazek, conspired with Hermes to execute a Consent Judgment dated October 2, 2003, in the amount of One Million Three Hundred Ninety Thousand Six Hundred Seventy-Four Dollars and Thirty Cents ($1,390,674.30) for the express purpose of creating the predicate for filing a UCC 1 security lien that was intended to and did in fact facilitate a fraudulent conveyance as against Rostropovich in violation of Section 276 of the New York Debtor and Creditor Law.

**FOURTH AFFIRMATIVE DEFENSE**

58. The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

59. Plaintiff's claims as to the purported enforceability of the UCC1 lien are barred by the doctrine of equitable estoppel insofar as Plaintiff aided and abetted the fraudulent conveyance orchestrated by Hermes in violation of New

14

York Debtor and Creditor Law Section 276 et seq.

## SIXTH AFFIRMATIVE DEFENSE

60.  Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

61.  Based upon the prior pending State Court actions and the issues of state law that will govern the outcome, the within action should be dismissed or stayed pending the resolution of the pending state court proceedings in accordance with the Brillhart federal absention doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

62.  Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported UCC1 was not an enforceable security interest against the stock and proprietary lease attributable to the Apartment pursuant to Section 9-203 of the New York Uniform Commercial Code.

## NINTH AFFIRMATIVE DEFENSE

63.  Plaintiff's purported security interest and Security Agreement are void ab initio or voidable based upon the fraudulent conveyance of Hermes in violation of New York Debtor Law Section 276 et seq. and the fraudulent Consent Judgment executed by Hermes.

## TENTH AFFIRMATIVE DEFENSE

64.  Plaintiff's Fifth Cause of Action for fraud fails

to plead with sufficient specificity the elements of the fraud.

### ELEVENTH AFFIRMATIVE DEFENSE

65.   Plaintiff's Fifth Cause of Action for fraud fails to state a cause of action because the Plaintiff did not rely on any misrepresentation by Rostropovich.

### TWELFTH AFFIRMATIVE DEFENSE

66.   Plaintiff is barred by the doctrine of estoppel *in pais* insofar as Plaintiff had knowledge of Hermes' consent to the sale of the apartment by the Receiver and failed to object prior to the sale.

### AS AND FOR A CROSS-CLAIM AGAINST COOLEY GODWARD KRONISH LLP AND RENEE SCHWARTZ

67.   At all times mentioned in the Second Amended Complaint and specifically during the matrimonial proceedings between Rostropovich and Hermes, the Consent Judgment Decision and the closing on the Apartment, Rostropovich was represented by Rostropovich's Counsel namely Defendants Renee Schwartz, Esq. and Cooley Godward Kronish LLP, who upon information and belief, moved by Order to Show Cause dated September 10, 2003, for the appointment of a Receiver to supervise the sale of the Apartment, who in turn retained Carol Lilienfeld as counsel to represent the Receiver in the sale of the Apartment.

68.   At all times mentioned in the Second Amended Complaint and specifically during the matrimonial proceedings between Rostropovich and Hermes and the Order to Show Cause for the

appointment of a Receiver, but for the failure of Rostropovich's Counsel to request also a temporary restraining order restraining Hermes' from incumbering the Apartment, Plaintiff would not have filed a purported UCC1 security interest against the stock and proprietary lease based upon a fraudulent Consent Judgment thus purportedly incumbering the Apartment and providing the predicate for the instant action.

69. At all times mentioned in the Second Amended Complaint and specifically with respect to all sub pro proceedings, Rostropovich relied on the professional advice, assistance and representation of Rostropovich's Counsel in connection with the sale of the Apartment by the Receiver and the Receiver's counsel and in connection with the filing of all documents with the City Register, including the UCC3 referred to in the Second Amended Complaint.

70. To the extent that the acts and/or omissions of Rostropovich's Counsel during their representation of Rostropovich resulted in any alleged loss suffered by the Plaintiff, such loss is attributable to the breach by Rostropovich's Counsel of their duty of care to Rostropovich which, but for their breach of their duty of care, would not have resulted in the action filed by Plaintiff against Rostropovich.

71. By reason thereof, Rostropovich's Counsel is liable to Rostropovich for any damages awarded to the plaintiff or loss occasioned or suffered by Rostropovich as a result of the

17

Plaintiff's claims herein and/or the acts and/or omissions of Rostropovich's Counsel, that contributed to the claims and/or causes of action asserted by Plaintiff and Rostropovich is entitled to indemnification and/or contribution from Rostropovich's counsel for any such liability imposed against Rostropovich or damages awarded to plaintiff as a result of the acts and/or omissions of Rostropovich's counsel during and after the sale of the Apartment.

**WHEREOF,** Rostropovich seeks judgment as follows:

(1) Dismissing the Second Amended Complaint in each and every respect; and

(2) Awarding Rostropovich the costs and disbursements of this action including reasonable attorneys' fees and such other and further relief as the Court deems just and proper;

(3) On Rostropovich's cross-claim against Rostropovich's Counsel, judgment in such amount to be determined at the trial of this action that is sufficient to indemnify Rostropovich and/or hold Rostropovich harmless for any and all damages accessed against her in favor of Plaintiff together with her reasonable attorneys fees in defending the Plaintiff's action; and

(4) Such other and further relief as the Court deems just

and proper including the costs and disbursements of this action.

Dated: New York, New York
       April 30, 2008

                                        Respectfully submitted,

                                        KAYSER & REDFERN, LLP


                                        By:_____/s/_____
                                           Leo Kayser, III (LK 3550)
                                        Attorneys for **OLGA ROSTROPOVICH**
                                        515 Madison Avenue, 30th Floor
                                        New York, NY 10022
                                        212-935-5057

TO:    Michael Schneider, Esq.
       Edward Rubin, Esq..
       477 Madison Avenue
       New York, NY 10022
       Tel: 212-888-2100
       Attorney for Plaintiff, MICALDEN INVESTMENTS, S.A.

       Marc Rosen, Esq.
       Kleinberg, Kaplan, Wolff & Cohen, P.C.
       551 Fifth Avenue
       New York, NY 10176
       Tel: 212-986-6000
       Attorneys for Defendants, COOLEY GODWARD KRONISH LLP and
             RENEE SCHWARTZ

       Avery S. Mehlman, Esq.
       Herrick, Feinstein, LLP
       2 Park Avenue
       New York, NY 10016
       Tel: 212-592-1400
       Attorneys for Defendants, ATOOSA P. MAMDANI and MAHMOUD A. MAMDANI

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
                 .ss.:
COUNTY OF NEW YORK)

CHRISTOPHER RODRIGUEZ, being duly sworn says:

I am not a party to the within action, am over 18 years of age, with an address at 120 South 1st Street, Brooklyn, New York.

On April 30, 2008, I served a true copy of the **OLGA ROSTROPOVICH'S ANSWER TO SECOND AMENDED COMPLAINT AFFIRMATIVE DEFENSES, AND CROSS-CLAIM** by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Michael Schneider, Esq.
Edward Rubin, Esq.
477 Madison Avenue
New York, NY 10022
Tel: 212-888-2100
Attorney for Plaintiff, MICALDEN INVESTMENTS, S.A.

Marc Rosen, Esq.
Kleinberg, Kaplan, Wolff & Cohen, P.C.
551 Fifth Avenue
New York, NY 10176
Tel: 212-986-6000
Attorneys for Defendants, COOLEY GODWARD KRONISH LLP and
    RENEE SCHWARTZ

Avery S. Mehlman, Esq.
Herrick, Feinstein, LLP
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Attorneys for Defendants, ATOOSA P. MAMDANI and
    MAHMOUD A. MAMDANI

_____
Christopher Rodriguez

Sworn to before me this
30 day of April, 2008

_____
Notary Public

DEBORAH MOORE
Notary Public, State of New York
No. 01MO4818549
Qualified in New York County
Commission Expires October 31, ~~1996~~ 2010