## KAYSER & REDFERN LLP

515 MADISON AVENUE, 30TH FLOOR
NEW YORK, N.Y. 10022
(212) 935-5057

E-MAIL
lkayser@515law.com

FAX
(212) 935-6424

July 22, 2008

**BY FAX: 212-805-6382**

Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-22-08

Re: Civil Action No.: 07 Civ. 2395 (VM)
<u>Micalden Investments S.A. v. Olga
Rostropovich, Cooley Godward Kronish LLP,
Renee Schwartz, Atoosa P. Mamdani and Mahmoud
A. Mamdani</u>

Dear Judge Marrero:

    We represent defendant Olga Rostropovich ("Rostropovich") in the above action. We respectfully submit this letter seeking a conference pursuant to Rule II.A of your Honor's Individual Practices, to discuss Rostropovich's anticipated motion seeking a stay of proceedings in this Court, based on a prior pending State Court action in which Micalden Investments S.A. herein appeared as plaintiff and in which our client appeared as a non-party intervenor.

    On July 18, 2008, we filed a motion on behalf of Rostropovich in Supreme Court, New York County returnable on August 7, 2008, in the matter entitled <u>Micalden Investments S.A. v. Olaf Guerrand-Hermes</u>, Index No.: 118422/03, seeking an evidentiary hearing. The evidentiary hearing is sought to deteremine the voidability of a certain consent judgment executed by Rostropovich's former husband, Olaf Guerrand-Hermes, in favor of Micalden Investments S.A. which was found to be a fraudulent conveyance by the State Court (Honorable Emily Jane Goodman) and to vacate <u>nunc pro tunc</u> the UCC-1 filing which is the predicate for Micalden's claim in this action. Justice Goodman's order was subsequently appealed by Micalden Investments, S.A. to the Appellant Division, First Department, which remanded the case for an evidentiary hearing on or about June 19, 2006.

Hon. Victor Marrero
United States District Court
Southern District of New York
July 22, 2008
Page 2 ...

     The consent judgment at issue in the prior pending State Court action is the same judgment Micalden Investments S.A. relies upon as one of the elements in the above action to establish the predicate for its filing of a purported security interest and Form UCC-1 Financing Statement in the Clerk's Office, New York County.

     Rostropovich seeks a stay of proceedings in this Court based upon the prior State Court proceedings and based upon the Brillhart Federal abstention doctrine as set forth in Brillhart v. Excess, Inc. Co. 316 U.S. 491 (1942).

     We thank the Court in anticipation for the consideration of our request.

Very truly yours,

Leo Kayser, III

LK:cr

cc: EDWARD RUBIN, ESQ.
    MICHAEL SCHNEIDER, ESQ.
    Attorneys for Plaintiff
    **Micalden Investments, S.A.**
    Fax: 212-888-7306

    MARC ROSEN, ESQ.
    KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.
    Attorneys for Defendants
    **Cooley Godward Kronish LLP and**
      **Renee Schwartz**
    Fax: 212-986-8866

    AVERY S. MEHLMAN, ESQ.
    HERRICK FEINSTEIN LLP
    Attorneys for Defendants
    **Mamdani and Mahmoud A. Mamdani**
    Fax: 212-592-1500

> No conference or formal motion to stay this action shall be necessary. The Court shall deem this letter as such a motion and grant it. The Clerk of Court is directed to place this action on the Court's Suspense Docket pending resolution of the related state court action referred to above. The parties are
> **SO ORDERED:** directed to inform the Court of the status of that matter within 90 days of this Order.
> 7-22-08
> DATE    VICTOR MARRERO, U.S.D.J.